**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**MICHELLE S. ARAGON,**

                             **Plaintiff,**

               -against-

**STEPHANIE BOWMAN, et al.,**

                            **Defendants.**
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

**12-CV-3496 (RLM)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

The Court is in receipt of plaintiff's counsel's letter filed on November 12, 2013 (but dated November 11, 2013), requesting that the Court dismiss the case without prejudice and toll the statute of limitations. See Letter to the Court ("Pl. Letter"), Electronic Case Filing ("ECF") Docket Entry ("DE") #103.[1] The Court declines to do so.

Although plaintiff's counsel's letter alleges that those attorneys have encountered difficulties in reaching their client, the letter does report that Shaun Neal of that firm did communicate with plaintiff once, following a telephone conference conducted by the Court on October 29, 2013. See id. During the October 29th conference, and in the Minute Entry issued later that afternoon, the Court directed plaintiff's counsel to contact plaintiff (who was supposed to have participated in that telephonic proceeding) and, by November 1, 2013, to file either a fully executed stipulation of discontinuance or a written confirmation that plaintiff

---

[1] The letter, which requests judicial relief, should have been filed as a motion.

prefers to go to trial.[2]  See Minute Entry (Oct. 29, 2013) ("10/29/13 Minute Entry"), DE #99. Plaintiff's counsel ignored the Court's directive.  Indeed, despite Mr. Shaun's communication with plaintiff, and a reminder from the Court that plaintiff's response to the October 29th Minute Entry was overdue, see Endorsed Order (Nov. 5, 2013) ("11/5/13 Endorsed Order"), DE #101, plaintiff's counsel still have not filed either of the court-ordered documents.

Given plaintiff's alleged unresponsiveness, and the failure of her counsel to apprise the Court of her intentions with respect to this case, the Court is not willing to assume, as her counsel would have the Court do, see Pl. Letter, that plaintiff wishes to dismiss the case without prejudice and toll the statute of limitations.  The Court is well aware that that is plaintiff's counsel's preference, see 10/29/13 Minute Entry; but counsel have their own motives for desiring such a result, since the Court has denied their motion to withdraw from representing plaintiff, see 11/5/13 Endorsed Order.

If plaintiff has lost interest in prosecuting this case, then the claims ought to be dismissed outright.  Therefore, plaintiff Michelle Aragon and both of her attorneys of record are directed to appear in person in Courtroom 13C-S on November 21, 2013, at 12:15 p.m., to address the disposition of and/or trial schedule in this case.[3]  Plaintiff and her counsel are warned that their failure to timely appear as directed will result in monetary and other sanctions, including a dismissal of the case with prejudice.

Plaintiff's counsel are directed forthwith to serve a copy of this Memorandum and

---

[2]  Trial is currently scheduled to commence on December 2, 2013.  See Scheduling Order (Oct. 16, 2013), DE #97.

[3]  *Pro se* defendant Stephanie Bowman may participate by phone.

Order on plaintiff by Federal Express or other overnight courier, and to file proof of service on her by November 18, 2013.

        **SO ORDERED.**

**Dated:**    **Brooklyn, New York**
           **November 15, 2013**

                                        /s/ *Roanne L. Mann*
                                        **ROANNE L. MANN**
                                        **UNITED STATES MAGISTRATE JUDGE**